HOOD, Judge.
Plaintiff, Hubert L. Meeker, instituted this suit for damages for personal injuries sustained by him when a motorcycle which he was riding collided with an automobile owned by Walter Buller. The suit was instituted against Buller and his .insurer, Allstate Insurance Company. Hartford Accident and Indemnity intervened, claiming reimbursement of the amounts which it had paid to plaintiff as workmen’s compensation benefits. Judgment on the merits was rendered by the trial court in favor of plaintiff and intervenor. Defendants appealed, and plaintiff has answered the appeal praying that the award of general damages be increased.
The accident occurred about 7:00 p.m. at the intersection of Louisiana Highway 14 and East Roosevelt Street in the City of Lake Charles, Louisiana. Highway 14 runs north and south at that point. East Roosevelt Street runs east and west, and it dead ends into the west side of Highway 14, forming a “T” intersection, so that an automobile traveling east on that street must turn either north or south on Highway 14 when it reaches that junction. A stop sign is located at this intersection warning motorists on East Roosevelt Street to stop before proceeding into Highway 14.
Both of these streets are straight, level, blacktopped thoroughfares, East Roosevelt Street being 24 feet six inches wide at the point where it joins Highway 14. The intersection of these streets is in a populated area, a public school being located on the east side of Highway 14 and a residential area being located all along the west side of that highway. It had not rained before the accident occurred, but the weather was humid and the streets were slightly damp from the humidity. The legal speed limit for vehicles on Highway 14 .is 45 miles per hour.
At the time the collision occurred plaintiff was on duty as a patrolman with the Lake Charles Police Department, and he was riding a motorcycle in a northerly direction on Louisiana Highway 14. As he approached the intersection of that highway with East Roosevelt Street, an automobile owned by Walter Buller, and being driven by his minor daughter, Elizabeth Ann Buller, entered Highway 14 from East Roosevelt Street, and then turned to its left and proceeded north on Highway 14. The motorcycle being driven by plaintiff collided with the rear end of the Buller automobile at a point 85 feet north of the center of that intersection.
Plaintiff testified that he was driving his motorcycle at a speed of 40 miles per hour as he approached the junction of Highway 14 and East Roosevelt Street, and that he saw the Buller vehicle pull into the highway ahead of him when he was about 45 or 50 feet from the intersection. He stated that as soon as he observed the automobile enter the highway he applied the rear wheel brakes of his motorcycle *58 causing it to skid into the intersection, that when he reached the intersection he also applied the front wheel brakes, that the motorcycle then fell on its side and that it slid or skidded on the highway until it collided with the rear of the Buller car. He explained that he did not apply the brakes on both wheels at first because when both brakes are applied simultaneously it is difficult for the rider to control the motorcycle. He stated that the Buller car did not stop before it proceeded into the intersection of Highway 14 and East Roosevelt Street.
Miss Buller testified that as she approached the intersection she stopped at the stop sign and waited until two cars being driven south on Highway 14 went through the intersection. She stated that she then saw plaintiff’s motorcycle approaching from the south, although she thought it was an automobile with only one headlight. She estimated that the motorcycle was at least a city block from her car when she proceeded into Highway 14, and she thought she had time to safely negotiate the crossing and make a left turn on Highway 14 before it reached the intersection. She testified that after she had turned to her left and had proceeded some distance north on Highway 14, she felt something strike the rear of her car, and she thereupon immediately applied her brakes and brought her automobile to a stop. She stated that at the time the collision occurred she was traveling at a speed of 20 miles per hour.
The testimony of Miss Bonita LeBlanc, who was a guest passenger in the Buller car at that time, supports Miss Buller’s statements as to how the accident occurred.
The evidence shows that plaintiff’s motorcycle, while upright on its wheels, skidded a distance of 40 feet before it reached the south edge of the intersection of Highway 14 and East Roosevelt Street. The motorcycle then skidded a distance of about 12 feet further into the center of the intersection, at which point it fell on its side. It then slid or skidded on its side, with plaintiff still mounted on it, an additional distance of 85 feet from the center of the intersection to the point where it collided with the rear bumper of the Buller vehicle. After colliding with that automobile the motorcycle glanced to its left and slid or skidded in a northwesterly direction on the highway an additional distance of 68 feet to the point where it came to rest on top of plaintiff. The motorcycle, therefore, skidded a distance of 52 feet while on its wheels and it slid an additional distance of 153 feet while on its side, making a total distance of 205 feet which it skidded or slid before it came to rest.
Trooper Lina J. Veillon, a member of the Louisiana State Police who for 31 years has had extensive experience in the operation of motorcycles, was qualified and testified as an expert on those machines. He stated that he is thoroughly familiar with the type of motorcycle which plaintiff was operating when this accident occurred, and that the distance required for bringing a motorcycle of that type to a stop on a highway is not any greater than that required for bringing an automobile to a stop. In view of the length of the skid marks left by plaintiff’s motorcycle and the distance which it traveled after the brakes were first applied, Trooper Veillon estimated that the motorcycle must have been traveling at a speed of about 70 to 75 miles per hour when the brakes were applied just prior to entering the intersection.
The defendant introduced in evidence, without objection, a copy of the stopping distance chart which is found at 14 Tulane Law Review 503. According to that chart an automobile traveling at a speed of 40 miles per hour requires a net braking distance of 62.7 feet under excellent conditions, or 88.8 feet under average conditions, in order for it to be brought to a stop. The expert evidence indicates that a motorcycle does not require any greater braking distance than does an automobile.
Miss Buller’s testimony that she was traveling at a speed of about 20 miles per *59 hour when the collision occurred is uncon-tradicted, and we conclude that she was traveling at that speed when her car was struck by plaintiff’s motorcycle. It is apparent, therefore, that plaintiff’s motorcycle was traveling at a speed of more than 20 miles per hour at the time the collision occurred, since it overtook and struck the automobile in the rear while the car was traveling away from it at that speed.
The trial judge concluded that the sole proximate cause of the accident was Miss Buller’s negligence in failing to yield the right of way to plaintiff, and in entering the intersection at a time when plaintiff was unable to avoid an accident. Although the issue of contributory negligence was not discussed in his reasons for judgment, the trial judge obviously concluded that plaintiff was free from contributory negligence since judgment was rendered .in favor of plaintiff.
We agree with the trial judge that Miss Buller was negligent in proceeding into Louisiana Highway 14 in front of the oncoming motorcycle when it was unsafe for her to do so and that her negligence in that respect was a proximate cause of the accident. We, however, are unable to agree with the trial judge’s apparent conclusion that plaintiff was free from contributory negligence.
As we have already noted, plaintiff’s motorcycle skidded a distance of 137 feet before it struck the rear of the Buller car. If the motorcycle had been traveling at a speed of 40 miles per hour, as plaintiff claims, or within the legal speed limit of 45 miles per hour, it could have been brought to a complete stop within 137 feet after the brakes were first applied. The evidence shows, however, that the motorcycle not only was not brought to a stop within that distance, but after skidding 137 feet it obviously was still traveling at a speed of more than 20 miles per hour because it overtook and struck the Buller car while that automobile was traveling away from the motorcycle at a speed of 20 miles per hour. The speed of the motorcycle must have been retarded to some extent when it struck the car, but it nevertheless continued to slide or skid an additional distance of 68 feet after colliding with the car. This indicates to us that it was still traveling at a substantial rate of speed when the collision occurred. The accident would have been avoided if plaintiff had merely reduced the speed of his motorcycle to 20 miles per hour within a distance of 137 feet after he had applied his brakes. The fact that he was unable to do so convinces us that he was traveling at a speed substantially in excess of the 45 miles per hour speed limit which was in effect in that area.
We have considered the fact that plaintiff was a patrolman on duty with the Police Department and that the duties of his office require him to exceed the legal speed limit under some circumstances. In this instance, however, he testified that there was “nothing rushing” about the mission he was on, that there was no occasion for him to speed and that he in fact was not exceeding the speed limit as he approached the intersection.
Our conclusion is that plaintiff Meeker was negligent in operating his motorcycle at an excessive rate of speed as he approached the intersection of Highway 14 and East Roosevelt Street, and that his negligence in that respect was a proximate and contributing cause of the collision. Had he been traveling at a more reasonable rate of speed when he observed the Buller automobile enter the highway he would have been able to avoid the collision simply by reducing the speed of his motorcycle to 20 miles per hour, or by veering to his left and passing the Buller automobile which was in its proper lane of traffic ahead of him. Since his-negligence was a proximate cause of the accident, we must hold that he .is barred from recovery because of his own contributory negligence.
For the reasons herein set out, the judgment appealed from is reversed, and judg *60 ment is hereby rendered in favor of defendants, Walter Buller and Allstate Insurance Company, and against plaintiff, Hubert L. Meeker, and intervenor, Hartford Accident and Indemnity, rejecting the demands of said plaintiff and intervenor and dismissing this suit at their costs. The costs of this appeal are assessed to plaintiff and intervenor.
Reversed.
LEAR, J., dissents and will give written reasons.